■ In the Matter of YASUYO LAWRENCE, Respondent, v DANIEL W. JOY, as Commissioner of the New York City Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered November 29, 1977, granting petitioner's application to the extent of setting aside the Rent Administrator's order decreasing the maximum rent of a controlled apartment, reversed, on the law, the petition dismissed and the determination of the Rent Administrator confirmed, without costs or disbursements. Petitioner is the landlord of premises 349 East 54th Street. The tenant, who occupies apartment 4B in the premises, has been in possession of the apartment since 1969. In 1976, he made application for a reduction in rent, asserting that the landlord, in refusing to paint his apartment since his initial occupancy, had failed to provide an essential service. Some time ago, the Rent Administrator adopted a presumption that the painting of apartments in multiple dwellings in New York City was required to be performed biennially by the landlord. This was done to ease the burden imposed upon landlords to prove painting practices as they existed on the original "rent freeze date". Necessarily, this presumption entailed a determination that painting is an essential service (see Rent Administrator's opinion, No. 105). However, the presumption could be rebutted by a showing on the part of the landlord that, for a period of at least 10 years prior to the commencement of the proceeding, his painting practice with respect to the subject apartment had been at intervals other than two years. The validity of the presumption and its applicability to situations such as the one here presented was upheld in *Matter of Bersam Holding Corp. v McGoldrick* (283 App Div 744). Petitioner was afforded ample opportunity to come forward with proof to rebut the presumption, thus demonstrating that, insofar as painting was concerned, there had been no decrease of services within the meaning of section 34.2 of the Rent, Eviction and Rehabilitation Regulations of the City of New York. He failed to do so. Nor is administrator's opinion No. 105 to the contrary. The one-year limitation set forth therein deals with the right of a new tenant to seek reimbursement for the initial painting of the apartment. That is not this case. Here, the tenant seeks no reimbursement for the two paint jobs which previously he had had performed at his own expense. Here, the Rent Administrator seeks to compel the landlord to paint as part of the essential services required to be delivered by petitioner. Accordingly, the administrative determination reducing the maximum rent for failure to provide this essential service was proper. Concur—Sandler, J. P., Sullivan, Bloom, Markewich and Silverman, JJ.